PEOPLE v CULPEPPER (ON REMAND)

KIDNAPPING—APPEAL AND ERROR—ASPORTATION—INSTRUCTIONS TO JURY.
    A defendant's conviction of kidnapping must be reversed where the trial court failed to instruct the jury on asportation as mandated by the Michigan Supreme Court.

Appeal from St. Clair, Halford I. Streeter, J. Submitted Division 2 February 13, 1973, at Lansing. (Docket Nos. 13394, 13395.) Decided March 7, 1974.

Susan Culpepper was convicted of armed robbery and kidnapping. Defendant appealed. Affirmed, 45 Mich App 614 (1973). Remanded by the Supreme Court for reconsideration of kidnapping conviction, 390 Mich 813. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Walter W. Turton,* Prosecuting Attorney, and *Peter E. Deegan,* Chief Assistant Prosecuting Attorney, for the people.

*Charles Burke,* for defendant.

Before: McGREGOR, P. J., and QUINN and PETERSON,* JJ.

PER CURIAM. Pursuant to an order of the Supreme Court dated December 5, 1973 in *People v*

REFERENCE FOR POINTS IN HEADNOTE
53 Am Jur, Trial § 554.
* Circuit judge, sitting on the Court of Appeals by assignment.

*Culpepper,* No. 54819 (390 Mich 813), we have reviewed our decision in these cases as it appears in 45 Mich App 614; 207 NW2d 200 (1973), in the light of *People v Adams,* 389 Mich 222; 205 NW2d 415 (1973).

This review establishes that the trial court failed to instruct the jury on asportation as mandated by *Adams, supra.* This failure compels reversal of defendant's conviction for kidnapping.

Reversed.